PER CURIAM.
This is an appeal of a workers’ compensation order awarding claimant temporary partial disability benefits for three periods: 1) while claimant continued to work for the employer at diminished post-injury earnings; 2) while claimant worked as a security guard for 20 hours a week at $3.35 per hour; and 3) after claimant’s employment as a security guard lapsed and the deputy deemed his earnings at his prior security guard rate of pay, $3.35.
Medical testimony supports the deputy’s conclusion that claimant’s diminished earnings during the time he continued to work for his former employer were a direct result of claimant’s industrial accident. Additionally, during the time that claimant worked as a security guard, there was no showing that claimant refused to accept other employment. On the contrary, given claimant’s physical limitation, employment history, and inability to speak English, claimant appears to have obtained work commensurate with his abilities.
Section 440.15(3)(b)2 states: “In the event the employee voluntarily limits his income ... the salary ... the employee is able to earn ... shall be the amount which would have been earned if the employee did not limit his income.” The deputy found claimant’s work search to be marginal and also found claimant’s compensable injury had limited his ability to earn wages during the last period of time to $67 per week. This second finding was based on the deputy’s consideration of physical restrictions, language problems, age, education, and job history. Hillsborough County Employees v. Tamargo, 477 So.2d 652 (Fla. 1st DCA 1985).
We therefore affirm wage loss benefits for the three periods of time in question, and find no error with respect to the other issues raised by appellant.
Affirmed.
BOOTH, C.J., and MILLS and WENT-WORTH, JJ., concur.